**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01912-001-TUC-JCH (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| James A. Bobo, | |
| Defendant. | |

In this case, Defendant Bobo is charged with selling fentanyl pills that caused an overdose death. Doc. 1. In October 2022, Magistrate Judge Leslie Bowman denied Defendant's request for release pending trial. Doc. 21. In November, the Court denied Defendant's appeal. Doc. 27. The Court concluded that no condition could reasonably assure Defendant's appearance in part because (1) Defendant is 62 and faces a 20-year minimum sentence; (2) Defendant's long criminal history includes many failures to appear; (3) Defendant's personal history shows a life profoundly impacted by heavy drug use and attendant instability; and (4) Defendant's undisputed record supports a reasonable likelihood that Defendant would continue to use and sell fentanyl if released. *Id.* at 6–10.

Before the Court is Defendant's "Motion to Reopen the Detention Hearing and Have Defendant Re-Screened for Inpatient Drug Treatment" filed under 18 U.S.C. § 3142(f). Doc. 80. The Government responded under seal to protect Defendant's medical records. The Court finds the matter appropriate for resolution without oral argument. LRCrim 12.1; LRCiv 7.2(f). For the following reasons, the Court will deny the Motion

and re-affirm the pretrial detention order.

## I. Legal Standard

Under the Bail Reform Act, a detention hearing

> may be reopened ... at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). Information has a "material bearing on the issue" when "it increases the chances the defendant appears for his criminal hearing or decreases the danger the defendant poses to an individual or the community as a whole." *United States v. Hollingberry*, 2021 WL 3912850, at *2 (D. Ariz. Sept. 1, 2021) (citation omitted). If the Court determines that detention should be reopened, the Court reexamines the four Section 3142(g) factors, considering the new information offered by the moving party in context. *Id.*

## II. Analysis

Defendant identifies no new information or circumstances relevant to his detention. Defendant primarily reiterates the arguments he made when appealing his detention order. *Compare* Doc. 80 at 6–8 (analyzing the § 3142(g) factors), *with* Doc. 23 at 5–7 (same). These arguments remain unpersuasive and do not provide new information unknown to the movant when the initial detention hearing occurred. *See* Doc. 27 at 5–10. Defendant adds three new arguments: (1) the government has ignored Defendant's disclosure requests, (2) Defendant's health has deteriorated in detention, and (3) Defendant has not received appropriate medical treatment. Doc. 80 at 3. None of these arguments are relevant to whether a "condition or combination of conditions will reasonably assure" Defendant's appearance and the safety of the community. 18 U.S.C. §§ 3142(b), (e)(1).

First, the Government's alleged intransigence is immaterial to Defendant's reasonably assured appearance or safety to the community. Defendant argues that "the government's repeated disclosure failures and refusal to communicate with defense

counsel [is] an additional reason for release." Doc. 80 at 7 (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)). In *Salerno*, the Court affirmed the constitutionality of the Bail Reform Act. 481 U.S. at 742. In a footnote, the Court "intimate[d] no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal." *Id.* at 747 n. 4. That is not a "holding that pretrial detention becomes unconstitutional when excessively prolonged." Doc. 80 at 7. Even if it were, the Court disagrees with Defendant's implication that his detention has been "excessively prolonged" by the Government's alleged communication and disclosure shortcomings.

Second, Defendant's claimed health issues are immaterial to his reasonably assured appearance or safety to the community. Defendant argues that he "may have suffered a stroke and he has been experiencing stroke-related symptoms such as numbness in his mouth and one arm," Doc. 80 at 3, as well as high blood pressure and feeling "worried every day about his health." Doc. 80 at 8. Defendant does not explain how these symptoms relate to his assured appearance or danger to the community.

Finally, Defendant's access to health services is likewise immaterial to his reasonably assured appearance or safety to the community. Defendant argues he "has [not] received any sort of follow-up treatment for his numbness/vascular symptoms" despite being seen for them in October 2022 and being approved for an off-site neurologist referral in April 2023. Doc. 80 at 3. Defendant adds that his cousin is available to take Defendant to appointments and ensure he is transported to treatment if released. Doc. 80 at 8. Defendant does not explain how the alleged inadequacy of his medical care relates to his assured appearance or danger to the community. Moreover, the medical records provided show that he is receiving medical care.

Because Defendant has identified no new information or circumstances material to his detention, the Court will deny his motion to reopen. The Court thus has no occasion to order Defendant re-screened for inpatient drug treatment. Doc. 80 at 1.

///

### III. Order

Accordingly,

**IT IS ORDERED DENYING** Defendant's Motion to Review Detention Order and Have Defendant Re-Screened for Inpatient Drug Treatment (Doc. 80).

Dated this 17th day of May, 2023.

_____
Honorable John C. Hinderaker
United States District Judge